John Mason and George A. Mason, Partners as Mason & Mason v. Alexander B. Leith, Benjamin Hampton, Arthur J. Adams and Alexander Yeoman, Partners as the Fulton Machine Works.

1. CONTRACTS—*Instruments Without Meaning.*—Courts will not enforce contracts which, after applying the helps which the rules of interpretation afford, are still indefinite and uncertain.

Bill for Discovery.—Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

ARTHUR & BOLAND, attorneys for appellants; DUMMER & MALTMAN, of counsel.

LOUIS DANZIGER and E. A. MUNGER, attorneys for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellants filed a bill for discovery of the number of bicycles sold by the appellees, and payment of commissions under a contract, so-called, as follows:

"CHICAGO, Illinois, January 1, 1894.

We, the Fulton Machine Works, this day appoint Mason & Mason exclusive agents for our bicycles in the whole city of Chicago. We also agree to allow them their regular commission on all wheels sold by us in Chicago, the prices to be as follows:

     $ 85.00   for Ladies' Thistle, with M. & W. tires.
       74.00   for Model 1, with M. & W. tires.
       77.50   for Model 2, with Palmer tires.
       82.50   for Model 2, with Palmer tires.
       85.00   for Model 3, with M. & W. tires.
       90.00   for Model 4, with M. & W. tires.
     110.00   for Model 5, with M. & W. tires.
       66.50   for Model 0, with M. & W. tires.

Mason & Mason to give their note for sixty days on receipt of goods. Said contract to be for one year from date.

THE FULTON MACHINE WORKS,
ALEX. B. LEITH,
A. J. ADAMS.

JOHN MASON,
GEO. A. MASON."

The extrinsic facts existing at the time the paper was signed, which might be regarded as aiding in finding a meaning in it, are that the appellees were manufacturers of bicycles in Chicago, and their catalogue selling price of their bicycles was about fifty dollars, on an average, higher than the prices above set out.

We think no effect can be given to that instrument. What duties were imposed upon the appellants by accepting it? Could an action be maintained by the appellees against the appellants grounded upon a lack of diligence in endeavoring to sell the bicycles made by the appellees, or for selling some other make when the customer might have been persuaded to take one made by the appellees?

We infer—but it is only conjecture—that what the parties really had in mind, was, that the appellees would sell to the appellants on sixty days credit, at the price named in the paper—bicycles; and that if the appellants would deal in no other make, and if appellees sold any themselves to others than the appellants, then the appellees would pay to the appellants what the appellees might receive for those so sold, in excess of the prices stated.

Finding no meaning in the paper which the appellants rely upon as a contract, the decree dismissing the bill is affirmed.